123  633
65a  101
123  633
84a  573

HALL *et al.* v. LANE *et al.*, *Plaintiffs in Error.*

Division One, July 9, 1894.

Practice: VACATING JUDGMENT AFTER TERM. The court can not, at a subsequent term, set aside a decree because not warranted by the pleadings, where there was no exception saved and no motions for review or in arrest filed.   (R. S. 1889, sec. 2113.)

*Appeal from Schuyler Circuit Court.*— HON. ANDREW ELLISON, Judge.

AFFIRMED.

*John D. Smoot* for plaintiffs in error.

(1) A decree can not be based on facts not proved. *Paddock v. Lane,* 94 Mo. 282; *Ross v. Ross,* 81 Mo. 84; *Daugherty v. Atkins,* 81 Mo. 411; *Bank v. Pinkney,* 60 Mo. 531. (2) The judgment rendered can not be upheld under the pleadings. (3) The judgment is erroneous as to Mrs. Morton, if not void: *Moore v. Dixon,* 50 Mo. 424; Black on Judgments, secs. 183 and 184. (4) A judgment void as to one is void as to all. *St. Louis v. Gleason,* 15 Mo. App. 25; Black on Judgments, sec. 211.

*Shelton & Dysart* for defendants in error.

BRACE, J.—This case, involving title to real estate, is certified here from the Kansas City court of appeals. The plaintiffs and defendants are the heirs at law and representatives of James C. Morton, deceased, and their husbands. In his lifetime, one Henry H. Pearce, by deed duly executed and recorded, conveyed to the said Morton the north half of the northwest quarter of sec-

tion 13, township 64, range 14, in Schuyler county, for the consideration of $880, and the record title was in him at the time of his death in 1888.

At the May term, 1888, of the circuit court of said county, this suit was instituted by the plaintiff, Celia J. Hall, one of his heirs, against the defendants, the other heirs of said deceased, and his administrator and widow, to declare said deed a mortgage on said land to secure the payment by the said Celia J. Hall of the sum of $380; upon payment of which and interest, she asked that the defendants be divested of all interest in said real estate and the title be vested in her, alleging in her petition, in substance, that her father took and held the legal title to said land in trust for her and to secure him in payment of the said sum of $380, advanced by him to her as a loan to pay off the balance of the purchase money therefor. All the material allegations of the petition were put in issue by answers of the defendants.

The case came on for trial at the November term, 1889, of said court, and the court, at said term, rendered a final decree, finding that the plaintiff, Celia J. Hall, as a child of the said James C. Morton, inherits one-fourth of his estate; that defendant, Mary A. Lane, as a child of said deceased, inherits one-fourth of his estate; that defendants, Annie Waits, Viola Austin, Walter Austin and William Austin, grandchildren of said deceased, each inherits one-sixteenth of his estate; that the defendant, Ann Eliza Morton, widow of said deceased, has elected to take a child's part of his estate, and is thereby entitled to one-fourth interest therein; that since the institution of this suit the one-fourth interest of the said widow has been purchased by, and has become the property of, the said plaintiff, Celia J. Hall; that the said Celia J. Hall is the owner of said real estate; that she became the owner thereof in the

spring of 1881 by purchase for the consideration of $880, $400 of which she paid of her own means, and the remaining $480 of the purchase money was furnished her by her deceased father, James C. Morton, with the agreement and understanding then had, that the title to said land should be taken by the said Morton for the sole purpose of securing him the payment of said sum of $480; that the deed from the said H. H. Pearce to him for said land was so taken and held by the said deceased solely for that purpose; and decreeing that said deed be reformed so as to vest the title to said land in the said Celia J. Hall in fee simple, divesting the defendants of all interest therein, and charging said lands with the payment to the defendants' administrator of the said sum of $480 and interest thereon, amounting in the aggregate to the sum of $528, to be discharged upon the payment by the said Celia of one-half thereof, with interest, within six months, to said administrator—she being entitled to the other one-half, one-fourth as heir and distributee of her father, and one-fourth as purchaser of the widow's interest therein.

No exception was taken to anything done on the trial or to this decree by motion for review or in arrest of judgment; but, at the subsequent May term, 1890, the defendants filed their motion to set aside the decree, for the reason that it is not warranted by the pleadings. Their motion having been overruled, they sue out their writ of error.

It is contended by the defendants that as the petition contains no allegation that the widow elected to take a child's part, or that the plaintiff had purchased her interest, and no amended petition was ever filed, containing such allegations, the decree is not supported by the pleadings, and the court committed error in refusing to sustain their motion to set the same aside at a subsequent term.

This contention can not be maintained. It is expressly provided by our statute of *jeofails* that no judgment after trial and submission shall be "reversed, impaired or in any way affected * * * for omitting any allegation or averment, without proving which the triers of the issue ought not to have given such a verdict." R. S. 1889, sec. 2113.

If the defendants desired to take advantage of the alleged errors in the decree, they should have called the attention of the trial court to them by motion for review or in arrest, at the term at which the decree was rendered, for the petition stating a good cause of action, and there being no irregularity in the proceeding, the control of the court over the decree and judgment, when the term was past, ceased, except to allow such amendments of the pleadings in support of the judgment, as is authorized by that statute. *Ashby v. Glasgow*, 7 Mo. 320; *Brewer v. Dinwiddie*, 25 Mo. 351; *Williams v. Judge*, 27 Mo. 225; *Harbor v. Railroad*, 32 Mo. 423; *Downing v. Still*, 43 Mo. 309; *Childs v. Railroad*, 117 Mo. 414; 1 Black on Judgments [1 Ed.], sec. 306; 1 Freeman on Judgments [4 Ed.], sec. 96.

The judgment is affirmed. All concur.