JOHN STALZER, Respondent, v. JACOB DOLD PACK-
ING COMPANY, Appellant.

Kansas City Court of Appeals, June 4, 1900.

1. **Master and Servant: PLEADING: SERVANT'S IGNORANCE OF
   MACHINERY: INCIDENT RISK.** A petition summarized in the
   opinion is not subject to the suggestion that it fails to show plain-
   tiff's ignorance of the condition of the machine at which he was work-
   ing at the time of his injury and of the danger incident to its oper-
   ation.

2. ———: **NEGLIGENCE: EVIDENCE: PEREMPTORY INSTRUC-
   TION.** Evidence is reviewed and held sufficient to send to the jury
   the issue of the proximate cause of the injury, and also the questions
   whether plaintiff after discovering the injury called the defendant's
   attention thereto, and whether the latter assured the former there
   was no danger and to proceed with his work and whether he did so
   on such assurance.

3. ———: ———: **SERVANT'S KNOWLEDGE: VARIANT SUR-
   PRISE.** On a review of the evidence, it is found ample to send to
   the jury the issue of plaintiff's knowledge of the defect in the ma-
   chinery with the incident risk and that defendant having failed to
   object to the introduction of evidence tending to show that the in-
   jury happened in a different way from that described in the peti-
   tion and having introduced rebutting testimony, can not complain
   of the variance between the petition and the evidence, and if sur-
   prised thereby, he should have filed his affidavit to that effect.

4. ———: ———: **EVIDENCE: SUBSEQUENT IMPROVEMENT:
   INVITED ERROR.** A defendant can not object to plaintiff's call-
   ing out of his witness the fact of the subsequent replacing of the
   piece of machinery involved in the injury complained of, when he let
   down the bars in his examination in chief and invited error.

5. **Appellate and Trial Practice: MISCONDUCT OF COUNSEL:
   BILL OF EXCEPTIONS.** To secure a review by the appellate court
   of the misconduct of counsel in his closing argument such con-
   duct must be described and set out in the bill of exceptions and a
   recitation thereof in the motion for a new trial is insufficient.

6. **Trial Practice**: INSTRUCTIONS COVERING SAME GROUND.
It is not error to refuse instructions covering the same ground as
those already given.

7. ———: ———: WANT OF INSTRUCTIONS. Instructions unsup-
ported by the evidence should not be given.

8. **Master and Servant**: DEFECTIVE MACHINERY: PROMISE TO
REPAIR: CONTINUANCE IN SERVICE. If the servant after the
master's failure for a reasonable time to repair defective machinery
as promised, continues in the service, he can not recover for a con-
sequent injury.

Appeal from the Jackson Circuit Court.—*Hon. E. L.
Scarritt*, Judge.

AFFIRMED.

*Amos H. Kagy* for appellant.

(1) The petition does not state facts sufficient to con-
stitute a cause of action.   It is nowhere stated in the peti-
tion that the plaintiff did not know of the condition of the
machine at which he was working, and did not know of the
danger, if any, incident to its operation.  The omission of
this element is fatal to a recovery.   Griffith v. Dock Co.,
12 Q. B. Div. 493; Bagenschutz v. Smith, 84 Ky. 330; Buz-
zell v. Mfg. Co., 48 Me. 113; Epperson v. Cable Co., 155 Mo.
346; s. c., 50 S. W. Rep. 795; Railway v. Taylor, 37 Pac. Rep.
973; Thompson v. Railway, No. 10, 2 Mo. App. Rep. 633; 2
Thompson on Neg., 1008; Grief Brothers v. Bowen, 7 Kan.
App. 394.   (2) When the master and servant are upon
equal footing, the servant assumes whatever risk there may
be in the performance of his duty.   If he has knowledge of
the danger to be incurred, or if the circumstances surround-
ing the service engaged in are such as to raise the presump-
tion of knowledge, then there can be no recovery.   The de-
murrer offered by defendant was well taken and the court
erred in overruling it.  Shear. & Red. on Neg., sec. 185; Hayden

v. Mfg. Co., 29 Conn. 548; Gibson v. Railway Co., 63 N. Y. 449; Wood, Mast. Serv. 758, et seq.; 2 Thom., Neg. 100; Hewitt v. Railroad Co., 31 Am. and Eng. R. R. Cas., 240; Moulton v. Gage, 138 Mass. 390; Ladd v. Railroad, 119 Mass. 412; Lovejoy v. Railroad, 125 Mass. 79; Hulett v. Railway, 67 Mo. 239; Smith v. Railway, 69 Mo. 32; Kean v. Rolling Mills, 66 Mich. 277; s. c., 33 N. W. Rep. 395; Mc-Ginnis v. Bridge Co., 49 Mich. 466; s. c., 13 N. W. Rep. 819; Hathaway v. Railroad, 51 Mich. 253; s. c., 16 N. W. Rep. 634; Railroad v. Gildersleeve, 33 Mich. 133; Davis v. Railroad, 29 Mich. 105; Railroad v. Love, 10 Ind. 554; Railway v. McCormick, 74 Ind. 440; Whittaker's Smith Neg., 131, 133; Darracutts v. Railroad, 31 Am. and Eng. R. R. Cas., 157; Beach, Contrib. Neg., secs. 138, 139; Lockwood v. Railway, 55 Wis. 50; s. c., 12 N. W. Rep. 401; Hutchinson v. Railroad, 5 Exch. 343; Skipp v. Railroad, 9 Exch. 221; Assop v. Yates, 2 Hurl. & N. 768; Williams v. Clough, 3 Hurl. & N. 258; Gaffney v. Railroad, 15 R. I. 456; s. c., 7 Atl. Rep. 284. (3) The court erred in refusing defendant's request for peremptory instruction at the close of plaintiff's case and at the close of all the evidence, for the reason that no case was made for the jury. Smith v. Railroad, 37 Mo. 297; Yarnell v. Railroad, 113 Mo. 570; Murphy v. Railroad, 115 Mo. 111; Ryan v. McCully, 123 Mo. 636; Breen v. Cooperage Co., 50 Mo. App. 202; Hicks v. Railroad, 46 Mo. App. 304; Burnes v. Railroad, 129 Mo. 41; Williams v. Railroad, 119 Mo. 316; Plefka v. Knapp, Stout & Co., 145 Mo. 316; Shea v. Railroad, 76 Mo. App. 29. (4) The court erred in permitting evidence of repairs subsequent to the happening of the accident. Such evidence was wholly immaterial and irrevelant to any issue presented by the pleadings, and was competent for no purpose in the circumstances of the case. Hipsley v. Railroad, 88 Mo. 348; Brennan v. St. Louis, 92 Mo. 482; Alcorn v. Railway, 108 Mo.

81; Mahaney v. Railroad, 108 Mo. 191-200.   (5)  Plaintiff's attorney was guilty of gross misconduct in his closing speech to the jury, to which the defendant objected and saved its exception, and for which the court refused to rebuke said attorney.   Smith v. Tel. Co., 55 Mo. App. 629; Bishop v. Hunt, 24 Mo. App. 377; Wilburn v. Railroad, 48 Mo. App. 224; McDonald v. Hainds, 45 Mo. App. 66; Evans v. Trenton, 112 Mo. 390; Ensor v. Smith, 57 Mo. App. 584; Fathman v. Tumility, 34 Mo. App. 236; Killoren v. Dunn, 68 Mo. App. 216; Mahner v. Linck, 70 Mo. App. 388.   (6) The court erred in refusing instructions asked by the defendant, which presented the law of the case, to which refusal the defendant excepted at the time.

*Harkless, O'Grady & Crysler* for respondent.

Submitted printed argument.

SMITH, P. J.—This is an action brought by the plaintiff against the defendant to recover damages for personal injuries received by the former on account of the negligence of the latter.   The plaintiff had judgment in the court below and the defendant appealed.

I.   The defendant assails the judgment on the ground that the petition does not state facts sufficient to constitute a cause of action, in that it is nowhere stated therein that the plaintiff did not know of the condition of the machine at which he was at work at the time of his injury and did not know the danger incident to its operation.

The petition alleged that the defendant was engaged in running a packing house and among other things conducted therein a "hog entrail machine" which was propelled by steam with belts attached to wheels or pulleys.   That upon said machine was a shaft with knives thereon.   That heretofore, to-wit: on or about the nineteenth day of January,

1898, the plaintiff was working for defendant in and about said machine; and on said date it became necessary to examine or do some work about said knives; and that the defendant through its boss or foreman, then and there having charge of the plaintiff, directed him to examine or do said work on the knives on said hog entrail machine, and in order to do said work it became necessary that the same should be stationary, and that in order to make the same stationary, defendant had a contrivance called a "stopper" by means of which the belt which run upon the pulley or wheel which turned the knives was shoved off while the machinery was in motion onto another pulley immediately joining. That said machine was so constructed as that the "stopper" would not so work as to pull or shove the belt off of the wheel or pulley which worked the knives onto the adjoining pulley far enough to prevent the same from occasionally slipping back onto the pulley that operated the knives.

That on the date aforesaid, the plaintiff being so directed as aforesaid, attempted to and did by means of the "stopper" attempt to put said belt off of the pulley that operated the knives onto the pulley adjoining, and did succeed in putting the belt far enough over as to stop the pulley which operated the knives and start the other pulley to running upon which the belt was put; and commenced work in obedience to directions upon the knives after the same became stationary and while so working thereat, the belt suddenly slipped over from the pulley on which the same was left and came in contact with the pulley or wheel that turned the knives and suddenly started the same, and as a result thereof, the first two fingers on the right hand of the plaintiff were cut off. And the plaintiff states that sometime prior to said accident, to-wit: about one week, plaintiff called the attention of the boss in control of him to the condition of said belts and wheels and of the danger which

might result therefrom, and of said belt slipping off and coming in contact with the wheel that turned the knives and thus endangered him. But that the said defendant through its agent and servant aforesaid assured plaintiff that same was all right and to go ahead and continue to use the same, and that it was unnecessary to do anything with it. That this plaintiff relying upon said representations, was induced to and did continue to work with and operate said machinery, and that the injury to plaintiff was brought about and directly resulted from the negligence and carelessness of the defendant, its agents and servants and employees in this — specifying it.

The law is now quite well settled in this state to the effect that where one enters the service of another he takes upon himself the natural and ordinary risks and perils incident to such service. The master is not an insurer of the absolute safety of the servant nor is he bound, under all circumstances, to use the most approved machinery, or that which is absolutely safe. He is only required to use ordinary care in this respect. And where the servant having notice of the existence of a defect in the machinery of the master and voluntarily enters upon the duty assigned him with such machinery, he assumes the risk of the injuries resulting therefrom. Where a servant, while in the employ of the master, discovers defects in the machinery which, in the performance of his duty, he is required to operate, and is assured by the master that it is safe or not dangerous, and in reliance thereon he continues in the master's service, being careful himself, he may recover for an injury resulting from such defect. Keegan v. Kavanaugh, 62 Mo. 230; Flynn v. Railway, 78 Mo. 195; Stephens v. Railway, 96 Mo. 207; Holloran v. Foundry Co., 133 Mo. 470. It is therefore plain that the plaintiff's petition, when tested by the

rules just adverted to, will be found not subject to the objection which the defendant has lodged against it.

II. The defendant objects that the court erred in refusing its peremptory instruction. It appears from the undisputed evidence that the live pulley attached to the shaft was driven by a leather belt. When it was desired to stop the shaft this belt, by means of an appliance called a "stopper," was pushed over on the dead pulley. It further appears that on several occasions, after the shaft had been brought to rest by pushing off the belt from the live pulley, that owing to some defect or imperfections in either the stopper or the pulleys themselves, or in the way they were placed on the shaft, or were related to each other, it did not remain where it was thus moved but had worked its own way back onto the live pulley, and in that way it put the shaft again in motion.

According to the testimony of the plaintiff the shaft was at rest when he was called down from a room above stairs, in which he had been at work, to sharpen the knives of the machine of which the shaft was a part, and while doing so, it (the shaft) was set in motion by the belt slipping from the dead pulley onto the live one, and the defendant was thereby hurt. It will not do to say, therefore, that there was no evidence adduced tending to show what was the proximate cause of the injury. The facts which this evidence tended to show were, we think, sufficient to originate the inference that the machine was defective and that the injury was caused by such defect.

Under the issues made by the pleadings it was a question for the jury to determine whether the plaintiff discovered the defect in the machine and called the defendant's attention to it, and whether the latter thereupon assured the former that there was no danger and to proceed with his work; and whether or not such former in reliance on the

assurances of such latter continued in its service and was in consequence thereof hurt. If these issues were found for the plaintiff then the verdict should have been, as it was, for him. It therefore seems to us that on the theory asserted by the plaintiff's petition that the evidence adduced by him was ample to entitle him to a submission of the case to a jury, and therefore the court committed no error in refusing the defendant's peremptory instruction.

III. The defendant, however, contends that the plaintiff had knowledge .of the danger to be incurred in the performance of his duty—that he was on an equal footing with the defendant in that regard, and that therefore he assumed the risk. The plaintiff in reply to this contention insists that the evidence discloses that on the day he was injured he was not working at the machine, but upstairs in another room, and that while he was so absent the defendant's foreman put in a new machine and sent for the plaintiff to come down and sharpen its knives; that the plaintiff did not know the condition the machine was then in, nor did he have an opportunity to examine it before he commenced work on it; that the shaft knives and perhaps both of the pulleys were entirely new, and as to their condition the plaintiff knew nothing; and for these reasons he could not be chargeable with the. assumption of the risk incident to the operation of the machine.

The defendant, however, in avoidance of the force of this insistence, argues that it should not be considered for the reason that to do so would be to give countenance to a departure from the theory of the case presented by the plaintiff's petition. In response to this suggestion, it is to be observed that if the plaintiff by such evidence tendered issues different from those formulated by the pleadings, the defendant interposed no objection to such evidence but, on the contrary, proceeded with the trial of the issues thus ten-

dered. The defendant having participated in the trial of the issue so made can not now be heard to complain of the result. The cause of action was the injury, and even though a recovery may have been upon a different state of negligence than that pleaded, it was not a recovery upon a different cause of action. Where a petition pleads a state of negligence as causing the injury, different from that on which the recovery is had, the defendant can not complain after verdict, if he went to trial without objection, on such unpleaded issue; and especially so when he tenders evidence and tries the issue as here. O'Neil v. Young, 58 Mo. App. 631; Hall v. Lane, 123 Mo. 633; Hilz v. Railway, 101 Mo. 36.

If there was a variance between the allegations of negligence and the evidence offered in their support and the defendant was thereby surprised or misled to his prejudice, he should have taken advantage of it by affidavit, showing in what respect. Olmstead v. Smith, 87 Mo. 602; Meyer v. Chambers, 68 Mo. 626.

The defendant's foreman took out the old shaft and replaced it with a new one. His attention had been previously called by plaintiff to the defective condition of the "stopper" or appliance used in shoving the belt from one pulley to the other. The plaintiff when he was called to the new machine had a right to assume that the defendant, in making the change, had obviated the danger that had existed in operating the old, and that defendant's foreman, when he stopped the machine and called the plaintiff to work on it, had shoved the belt off the live pulley so that it would not immediately work back and thereby set the machine in motion. Either the machine was defective, or else the defendant's foreman neglected to shove the belt away from the live pulley a sufficient distance to prevent it from getting back and starting the machine. Evidence from which these in-

ferences were deducible was introduced without objection.
As already remarked, the plaintiff neither knew nor had an
opportunity to know the condition of the new machine pre-
vious to the time he was hurt. Our conclusion is, that in
no view of the law is there any room in the case for the ap-
plication of the doctrine of the "assumption of the risk."

IV. The plaintiff in rebuttal asked the witness Mantel
whether the "stopper" was in the same condition now as it
was at the time the plaintiff was hurt. The witness answered
that Mr. Loschke—defendant's foreman—cut it out after
that.

The defendant's counsel moved the court to strike this
answer of the witness from the record for the reason that it
was immaterial and did not tend to show the condition of
the "stopper" at the time of the injury. This objection was
overruled, and this action of the court is now assigned as
error. The defendant itself had previously during the trial
propounded to its own witness Loschke this identical ques-
tion, which was answered by him in the negative. The con-
dition of the "stopper" after the injury was not properly an
issuable fact in the case. But the defendant, by his evi-
dence, introduced it into the case. He sought by his evi-
dence to establish the affirmative of that issue, and that be-
ing so it is rather difficult to understand why the plaintiff
should have been denied the right to introduce evidence to
uphold the negative of it. The answer of the plaintiff's wit-
ness tended to support the negative of the issue. If it was
error to permit such testimony to be given by plaintiff wit-
ness, it was error invited by the defendant, and of which he
can not complain.

And what has just been said is equally applicable to the
action of the court in permitting the plaintiff's witness Man-
tel to further testify that he had shown the defendant's coun-
sel where Loschke had cut out the "stopper." This testi-

mony, too, was primarily improper, but was rendered proper by the previous action of the defendant in throwing "down the bars."

V. The objection that the plaintiff's attorney was guilty of misconduct in his closing argument to the jury can not be noticed, since nothing of the kind appears in the bill of exceptions. Matters of that kind occurring in the presence of the court can not be noticed here unless they appear from the recitals in the bill of exceptions itself. The mere insertion of the same in the motion for the new trial, as one of the grounds therefor, is not sufficient. James v. Kansas City, and cases there cited (decided at present term).

The eighth and tenth instructions given in defendant's series are substantially the same as its eleventh, which was refused. The former cover the same ground as the latter and therefore it was not error to refuse such latter. There was no error in refusing defendant's twelfth because the court had already given its second which was in substance the same.

The defendant complains further of the action of the court in refusing its fourteenth instruction, which declared:

"Even though the jury may believe from the evidence that there was a defect in the stopper used to throw the belt off and on the pulley, that both plaintiff and Loschke, defendant's foreman, knew of such defect; that plaintiff called the attention of said Loschke to such defect and said Loschke told plaintiff to go ahead and it would not harm him; that defendant did not repair it and plaintiff, knowing it had not been repaired, continued to use said machine in its defective condition, if you so find, the plaintiff can not recover and your verdict must be for the defendant." There is no evidence whatever that when plaintiff called the attention of defendant's foreman to the defect in the "stopper" that the latter promised to repair it. The evidence was that the de-

fendant's foreman assured plaintiff that it was not unsafe and to go ahead with his work on it. The evidence tends to show that the plaintiff relied on defendant's assurance and was thereby induced to continue in its service until he was hurt. There was no evidence that defendant promised to make repairs or that the plaintiff was induced by such promise to continue in the former's service.

If the defendant had promised to repair the defect and did not do so in a reasonable time thereafter, and notwithstanding this default the plaintiff continued to work with the machine, and was injured in consequence of such defect, he would not be entitled to recover. The rule asserted by this instruction neither in the abstract nor concrete is a correct expression of the law, and besides this, it was not authorized by the evidence.

The defendant's fifteenth instruction does not cover or relate to any issue in the case and was properly refused.

The judgment will be affirmed. *Ellison, J.,* concurs; *Gill, J.,* absent.