## HANNAH MORGAN, Appellant, v. JOSEPH H. MORGAN et al., Respondents.

### St. Louis Court of Appeals, November 7, 1911.

1. **TRIAL PRACTICE: Jurisdiction: Dismissal of Cross-bill: Effect.** The dismissal of a cross-bill of a defendant who is regularly brought before the court and has filed an answer traversing the allegations of the petition does not amount to a dismissal of the defendant, and the court still retains jurisdiction to adjudicate the issues raised by the petition and answer.

2. **JUDGMENTS: Vacating at Subsequent Term: Irregularity.** Though the cross-bill of a defendant, who had been regularly brought before the court and had filed an answer traversing the allegations of the petition, was dismissed, she was still before the court, and a judgment subsequently rendered against her on the issues raised by the petition and answer was not "irregular" on the ground the court had lost jurisdiction over her by reason of the dismissal of the cross-bill, and hence it was error to set aside such a judgment at a subsequent term, under section 2121, Revised Statutes 1909, on the ground of "irregularity."

3. ———: ———: ———. A judgment, awarding relief in accordance with the prayer of plaintiff's petition, cannot, at a subsequent term, be vacated on the ground that the relief was not proper under the averments of the petition, since such point, if well taken, would indicate judicial error, but would not be an "irregularity" justifying the vacation of the judgment, under section 2121, Revised Statutes 1909.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

Morgan v. Morgan et al.

REVERSED AND REMANDED.

George F. Beck for appellant.

(1) Even if the judgment against the defendant were erroneous, which is not the case, still, the court has no jurisdiction after the lapse of the term to set aside a judgment on the mere ground of error in law or fact; the remedy of the aggrieved party is by appeal or error. McGindley v. Newton, 75 Mo. 115. (2) Where a party who is fully apprised of his rights suffers judgment to go against him when he might by the exercise of reasonable diligence have prevented a recovery, he cannot raise the question of the validity of such judgment in a subsequent proceeding. Hotel Assn. v. Parker, 78 Mo. 329; Reed v. Hansard, 37 Mo. 199; Hadley v. Bernero, 103 Mo. App. 549. (3) There are only two classes of cases in which a judgment may be attacked after the lapse of the term, even in a direct proceeding between the original parties; one is where the invalidity of the judgment is attempted to be shown by matters *dehors* the record, and the other where the irregularity appears from the record itself. Mfg. Co. v. Baker, 35 Mo. App. 217; McGindley v. Newton, 75 Mo. 115.

R. M. Nichols for respondent.

(1) The court had jurisdiction, after the lapse of the term and any time within three years, to set aside, for any irregularity, on motion, a judgment rendered within such three years. R. S. 1899, sec. 795; Fisher v. Fisher, 114 Mo. App. 627; Downing v. Still, 43 Mo. 309; Harbor v. Railroad, 32 Mo. 423; State ex rel. v. Waters, 98 Mo. 386; Cross v. Gould, 131 Mo. App. 585. (2) The court has been misled in pronouncing a judgment against the defendant Hannah Miller at a subsequent term to that at which she was discharged, and which judgment, if the court had

known the real facts, would not have been entered. Such a judgment is a nullity, void of that sanctity that hedges a proper judgment. Fisher v. Fisher, 114 Mo. App. 627; Neenan v. St. Joe, 126 Mo. 89. (3) The "irregularity" for which this judgment should be set aside is the entrance of the same against the defendant Miller at a subsequent term, after she had been dismissed. The judgment is void upon its face. Clowser v. Nolan, 72 Mo. App. 217; Cross v. Gould, 131 Mo. App. 585.

STATEMENT.—In this case, after the term had elapsed at which final judgment against the defendants was taken, the trial court set it aside for supposed "irregularity," and the plaintiff has appealed. Whether such irregularity is disclosed on the face of the record is the only question for our consideration.

The petition alleged that plaintiff loaned $2000 to her son John L. Morgan, for use in purchasing certain real estate, he agreeing to give her a deed of trust thereon as security; that he refused to secure her as agreed, and, in fraud of her rights, conveyed said real estate by deed of trust to the defendant, Hannah Miller, as trustee, to secure a loan of $1450 made to him by one Henrietta Wilkinson; that he died intestate, having the legal title to the property in his name; that on April 16, 1907, default having occurred, the defendant, Hannah Miller, trustee, sold said real estate in accordance with the provisions of said deed of trust and out of the proceeds, after paying the Wilkinson loan, has a surplus of $318.43 on hand. The petition prays that said surplus be subjected to a lien in favor of plaintiff, and that defendant Hannah Miller, trustee, be ordered and directed to pay over said surplus to plaintiff with interest thereon at six per cent from April 16, 1907. The heirs and administrator of John L. Morgan were made parties defendant in said suit, as was Hannah Miller, trustee, and they were all duly summoned.

The defendant Hannah Miller's pleading consisted of an answer which contained a general denial of all the allegations of plaintiff's petition, followed by specific denial that John L. Morgan made the Wilkinson deed of trust in violation of his agreement with the plaintiff or in fraud of the plaintiff's rights; also a cross-bill by way of interplea.

Plaintiff's reply was a general denial of the new matter set up in the cross-bill.

On December 1, 1908, the $318.43 was paid into court by defendant Hannah Miller. On February 2, 1909, and at the February term 1909, the cause came on for hearing, with the plaintiff and defendant Hannah Miller as well as the defendant administrator present, and the court made an order wherein the court first finds "that the defendant Hannah Miller, trustee, is not entitled to the relief prayed for in her cross-bill of interpleader, and doth order, adjudge and decree that the said cross-bill of Hannah Miller, trustee, in the nature of an interplea, be and the same is hereby dismissed without cost to said defendant," and then recites that the plaintiff's cause of action upon the pleadings, the evidence and the proofs adduced, is submitted to, and taken under advisement by, the court.

On February 4, 1909, defendant Hannah Miller filed a motion for a new trial, which was overruled on February 13, 1909, during said February term. Afterwards on April 28, 1909, and at the April term, 1909, of said court, the court made and entered a final judgment or decree in the cause. This decree, after reciting that, on February 2, 1909, this cause came on for trial, with the plaintiff and the defendants Hannah Miller, trustee, and Joseph H. Morgan present, and that the same was then submitted to the court upon the pleadings and evidence adduced and taken by the court under advisement, finds the issues therein joined in favor of the plaintiff, and then proceeds as follows:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff have judgment against the defendant Hannah Miller for $31.05, being interest at the rate of six per cent per annum on said balance or surplus in her hands from the 16th day of April, 1907, the day on which said real estate was foreclosed, and the date on which she received said surplus, to the first day of December, 1908, the day on which said defendant paid said money into the registry of the court. It is further ordered, adjudged and decreed by the court that said surplus, amounting to $318.43, so deposited with the clerk of the court by the defendant Hannah Miller, trustee as aforesaid, be subjected to a charge or lien in favor of the plaintiff, and that the clerk of the court, after deducting all costs of this proceeding, pay over to the plaintiff the balance remaining thereof."

Afterwards on July 19, 1909, and at the June term of said court, the defendant Hannah Miller, filed her motion herein to set aside said judgment, charging that it was irregular, first, "in that the same was entered against the defendant Hannah Miller on April 28, 1909, at the April term of court, when the record shows that the fact is that on February 2, 1909, at the February term of this court, the defendant Hannah Miller's interplea was dismissed, and said defendant then went out of court and was not a party to said cause at the subsequent term of said court when the judgment was entered against her;" second, in that under the facts averred in plaintiff's petition the defendant Hannah Miller was not chargeable with the interest for which the judgment was rendered.

Thereupon on December 17, 1909, the court sustained said motion and modified said decree by setting aside that part thereof which charges defendant Hannah Miller with interest. The plaintiff excepted to such action and in due time filed her motion for a new

160 App.—25

trial which was overruled and exception saved, and plaintiff has duly prosecuted her appeal to this court.

CAULFIELD, J. (after stating the facts).—As already suggested, the only question before us is, whether the trial court had the power, on motion, to set aside its final judgment rendered herein at its April term, 1909, after the lapse of such term. Defendant Hannah Miller contends that the judgment was properly thus set aside for "irregularity" under section 2121 of the Revised Statutes 1909. In an attempt to sustain this position, she assumes, both in her motion and in the brief of her counsel, that when the trial court at the February term found that she was not entitled to the relief prayed for in her cross-bill in the nature of an interplea and dismissed such cross-bill, she was thereby put out of the cause and the court lost jurisdiction over her at the close of the February term. So assuming, she concludes that it was irregular to include her within the scope of the judgment which was entered at the subsequent April term as to plaintiff's cause of action. Such conclusion is unsound because the premise is incorrect. This defendant was not put out of the cause by the dismissal of her cross-bill. Such dismissal was not of her, but of her cross-bill. She was a defendant in the suit duly summoned, and, in addition to her cross-bill, had filed an answer putting in issue the allegations of plaintiff's petition and she still remained a defendant with her general denial before the court. The dismissal simply eliminated her cross-bill from the case, leaving plaintiff's cause of action, as set forth in her petition and denied by this defendant, unadjudicated. As to it, the cause was still before the court, just as it would have been if this defendant had not filed her cross-bill. So far as plaintiff's suit was concerned there was no final judgment at the February term. The record discloses that at the February term, the entire cause came on for

hearing with this defendant present in person and by attorney, and while the court dismissed the cross-bill, the plaintiff's cause of action was submitted to the court upon the pleadings, the evidence and the proof adduced, and the court took the same under advisement, and kept it under advisement until the succeeding or April term, when it made and entered its final decree in strict accordance with the prayer of plaintiff's petition. This last was the only final judgment in the case so far as plaintiff's cause of action against the defendants was concerned. Clearly, the dismissal of the cross-bill at the February term had no tendency to make "irregular" the rendition of such final judgment at the April term.

II. The other ground of the motion is, in effect, that, under the facts averred in plaintiff's petition, the defendant Hannah Miller was not chargeable with the interest for which the final judgment against her was rendered. It is sufficient to say of this that the judgment for interest was specifically prayed for in plaintiff's petition, and if the point now made is well taken, it would indicate judicial error in the judgment, but it would not justify setting it aside as irregular upon such a motion as the trial court acted upon here. "An erroneous judgment, regularly reached in accordance with established rules of procedure cannot be reversed by such a motion interposed after the lapse of the term at which it was pronounced." [State ex rel. Ozark Co. v. Tate, 109 Mo. 265, 271, 18 S. W. 1088; Hall v. Lane, 123 Mo. 633, 636, 27 S. W. 546.]

We are convinced that the order of the circuit court made during its December term, 1909, setting aside or expunging part of the decree entered at the April term, 1909, is erroneous. Therefore, the said order is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.