CORA McFADDEN ET AL., APPELLANTS, v. EDWARD J. MULLINS ET AL., RESPONDENTS.—136 S. W. (2d) 74.

Kansas City Court of Appeals. January 8, 1940.

*Fred A. Benz* and *H. K. Bente* for appellants.

1058

*Montgomery & Salveter* for respondents.

KEMP, J.—This is an appeal duly taken from an order overruling appellants' motion to vacate a judgment rendered in the cause at a term of court prior to that in which the motion was filed. Such a motion directed to irregularity of a judgment, if filed within three years after the judgment term, is authorized under Section 1101, Revised Statutes Missouri, 1929.

The original suit herein was instituted on August 20, 1937, by one

David F. Ross, now deceased, against respondents, Edward J. Mullins and Fleeta Mullins. The original petition was twice amended. On September 17, 1937, the second amended petition was filed, whereby it was alleged, in substance, as follows:

Plaintiff on and prior to April 13, 1936, was the owner of certain described real estate of approximately one hundred acres. On April 13, 1936, through false and fraudulent representations and promises of defendants to maintain a home for plaintiff and to care and provide for plaintiff so long as he should live, which promises were never intended by defendants to be kept, plaintiff was induced to convey said real estate to defendants as tenants by the entirety. As soon as plaintiff's deed was executed and recorded, defendants began to breach said agreement, both in letter and spirit. Numerous specific acts, constituting violations of the promises which induced plaintiff to execute the deed, were alleged, including acts of abuse and humilation of plaintiff that would make plaintiff's further association with defendants on said premises intolerable.

It was alleged that defendants were totally insolvent, except for plaintiff's farm, and could not respond in damages and that, under the circumstances, plaintiff had no adequate remedy at law. Whereupon, plaintiff prayed that the deed to said lands be set aside and cancelled, and that plaintiff be decreed to be the owner in fee simple of said lands, and for such further relief as to the court might seem just and proper.

In the second count of the petition, plaintiff undertook to state an action in unlawful detainer.

Without challenging this second amended petition in any manner, defendants, in due time, filed a joint answer, in which defendants admitted the conveyance of the property by plaintiff to them and their agreement to care and provide for plaintiff so long as he should live and upon his death to give him a decent burial. Defendants then denied that they had breached any of the provisions of this agreement, and that they had been and were then able and willing to carry out all the terms of said agreement.

On September 21, 1937, trial was had of the issues thus joined, at the conclusion of which the court took the case under advisement, and, thereafter, and at the first day of the November, 1937, term of court, the following judgment was rendered:

"Now on this day the Court doth find the issues in this cause, which was heretofore taken up and submitted to the Court on the 21st day of September, 1937, evidence heard, and the same taken under advisement, in favor of the defendants and against the plaintiff.

"It is therefore ordered and adjudged by the Court that the plaintiff take nothing by his writ herein, and that the defendants go hence without delay and have and recover of the plaintiff, David F.

Ross, their costs in this behalf laid out and expended, and in default of the payment thereof, that execution issue therefor.''

Motion for new trial was duly filed, and on February 11, 1938, was overruled. The plaintiff did not appeal from this judgment, nor has any writ of error ever been sued out.

After the expiration of the term at which plaintiff's motion for new trial was overruled, and after the further intervention of the May and September terms of court, and at the November, 1938, term of court, and to-wit, on December 19, 1938, plaintiff having employed new counsel, filed his motion to vacate said judgment. Before said motion was heard by the court, the said Ross, plaintiff in the original proceeding, died on February 17, 1939, and on February 24, 1939, the heirs at law of said David F. Ross filed a motion to be substituted as plaintiffs in this cause, which said motion was sustained. Thereafter, on March 1, 1939, and in the February, 1939, term of court, said substituted plaintiffs filed an amended motion to vacate and set aside the judgment (quoting therefrom):

''For the reason that plaintiff stated no cause of action in his *original petition,* filed in the cause by the late David F. Ross, now deceased, as plaintiff and against Edward J. Mullins and Fleeta Mullins, husband and wife, as defendants, and this Court thereby then took and had no jurisdiction in said cause to render such judgment hereinabove referred to, and that judgment rendered as aforesaid is null and void, for the following reasons, to-wit:

''1. That the deed described in said petition, being duly executed and regular upon its face, could only be set aside by reason of accident, mistake of fact, or for fraud practiced upon plaintiff, or the Court, by the defendants, grantees in said deed, in its procurement, and that no such allegations are contained in plaintiff's said *original* petition;

''2. That the averments of said petition purport to state and do state a cause of action at law;

''3. That said deed could be set aside only in an appropriate and proper equitable proceeding therefor;

''4. That such equitable jurisdiction therein can extend only to issues therein averred in a proper bill which does not appear in the aforesaid *original petition* filed in this case;

''5. That said petition does not contain the necessary allegations to show that plaintiff has no complete and adequate remedy at law;

''6. That the said petition lacking the necessary equitable averments to state a cause of action in equity, and the said petition not being amendable, this Court therein and thereby took and had no jurisdiction to determine any issues therein or in said case, and it then thereby became the duty of this Court, '*sua sponte*' to have dismissed said suit and is now the duty of the Court to set aside the judgment rendered therein and dismiss said suit.''

On the same date of its filing, said amended motion was taken up and heard by the court and overruled, from which adverse ruling plaintiffs have duly prosecuted this appeal.

Plaintiffs' assignments of error are as follows:

"1. The court erred in rendering the judgment of November 1, 1937, against plaintiff and in favor of defendants, because the Court had no jurisdiction therein;

"2. The court erred in not sustaining appellants' motion to vacate and set aside its judgment in this cause of November 1, 1937;

"3. The court erred in refusing to permit appellants to introduce into evidence plaintiffs' original petition, because it shows on its face that it states no cause of action for the specific relief sought and could not be amended therefor, without stating a changed cause of action;

"4. The court erred in refusing to permit appellants to introduce into evidence the deed on the hearing March 1, 1939, to vacate judgment, because the character of the instrument determined the jurisdiction of the Court."

In support of these assignments, appellants urge the following points:

(1) To set aside and hold for naught the deed to defendants, there first had to be filed a bill in equity setting up appropriate grounds therefor, absent which the *court* had no jurisdiction of the subject matter.

(2) The original petition filed herein purported to state a cause of action at law for damages for the breach of a contract and did not contain the necessary equitable averments to divest title to the lands in question.

(3) That even if the amended petition sufficiently states a cause of action for equitable relief, the judgment is, nevertheless, void, inasmuch as the original petition cannot be amended to state a cause of action for the equitable relief sought without a fatal departure from the cause of action stated in the original petition, and the court was without jurisdiction of the subject matter.

(4) That the departure could be shown only by the introduction in evidence of plaintiff's original petition, and that the court therefore erred in excluding same.

When plaintiffs offered in evidence the original petition at the hearing on their motion to vacate the judgment, the court ruled as follows:

"I think the original pleading was superseded by the amended petition upon which the trial was had, and there is no question of departure or anything of that nature. The objection is well taken."

It is true that where there is a timely challenge of an amended petition on the ground of departure, the original petition remains in the case for the purpose of furnishing the standard by which it may be determined whether any subsequent petition embraces the

original cause of action upon which suit was brought or whether the amended petition constitutes a departure therefrom and seeks a recovery on a new and different cause of action. [Purdy v. Pfaff, 104 Mo. App. 331, l. c. 339.]

But no such situation is presented here. The question of departure was not before the trial court and, consequently, is not before us. The original plaintiff in this case filed a second amended petition. Upon the filing of said second amended petition, defendants did not challenge said petition on the ground that it was a departure from the original petition or, indeed, upon any other ground, but joined issue by filing their joint answer thereto. The original petition thereupon became an abandoned pleading. [Sutermeister v. Sutermeister, 209 S. W. 955, l. c. 957; Campbell v. Boyers, 241 Mo. 421, l. c. 430.] By failing so to challenge said second amended petition, any question of departure was thereby waived and hence the original petition could serve no further purpose in the litigation. [Campbell v. Boyers, *supra*, l. c. 430.] In Ross v. Mineral Land Co., 162 Mo. 317, l. c. 329, the Supreme Court said:

"A plaintiff in a suit cannot predicate his action upon one state of facts, and thereafter by an amendment to his petition inject therein a different cause of action, or substitute a different cause of action for one stated in his original petition, for that would be a departure, *but such objection must be raised before trial by proper motion, otherwise it will be held to have been waived.*" (Italics ours.)

It must be apparent therefore that the court properly ruled the exclusion of the original petition.

Since the theory of appellants' motion is bottomed solely upon the allegedly fatal defects of the *original petition,* it follows that what we have just ruled is determinative of this appeal.

It should be observed, however, that a motion to vacate a judgment for any irregularity, as authorized by Section 1101, Revised Statutes Missouri, 1929, does not warrant the interference with a merely erroneous judgment. In State ex rel. Ozark Co. v. Tate, 109 Mo. 265, l. c. 270, 18 S. W. 1088, l. c. 1089, the Supreme Court there said:

"An erroneous judgment regularly reached in accordance with established rules of procedure cannot be reversed by such a motion interposed after the lapse of the term at which it was pronounced." [See, also, Morgan v. Morgan, 160 Mo. App. 381, 140 S. W. 915.] It is only when it appears upon the face of the record that the court was without jurisdiction that the judgment may be set aside upon such a motion. [Shuck v. Lawton, 249 Mo. 168, 155 S. W. 20; Harrison v. Slaton, 49 S. W. (2d) 31, l. c. 35.] From the face of the record (disregarding abandoned pleadings), no irregularity appears in the judgment rendered on the merits in this case.

It follows that the judgment should be, and is hereby, affirmed. All concur.